# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | 16-1222, James Hamilton v. William L. Pallozzi, et al. |
|---|---|
| **Originating No. & Caption** | 1:15-cv-02142-JKB, Hamilton v. Pallozzi, et al. |
| **Originating Court/Agency** | U.S. District Court, District of Maryland |

| **Jurisdiction** (answer any that apply) ||
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. §§ 1291, 1292 |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | February 18, 2016 |
| Date notice of appeal or petition for review filed | February 29, 2016 |
| If cross appeal, date first appeal filed | NA |
| Date of filing any post-judgment motion | NA |
| Date order entered disposing of any post-judgment motion | NA |
| Date of filing any motion to extend appeal period | NA |
| Time for filing appeal extended to | NA |
| Is appeal from final judgment or order? | ⦿ Yes    ○ No |
| If appeal is not from final judgment, why is order appealable? | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) ||
|---|---|
| Is settlement being discussed? | ○ Yes    ⦿ No |

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
| --- | --- | --- |
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| Case Handling Requirements (answer any that apply) | | |
| --- | --- | --- |
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

In November 2006, Plaintiff-Appellant James Hamilton was convicted in Virginia of various credit card fraud related charges for having allowed another individual to purchase him a computer using a stolen credit card. The offense was plainly not violent or related to violence. Hamilton has since had his firearms rights restored in Virginia, and Virginia's Governor restored all of Hamilton's other civil rights lost as a result of that conviction. Hamilton is a peaceful, law-abiding citizen with no record of violence. He is also registered with the Virginia Department of Criminal Justice as an Armed Security Officer and Private Security Services Instructor

While Hamilton is allowed to possess firearms under federal and Virginia law, Maryland nonetheless applies its firearms prohibition against Hamilton on account of his Virginia convictions. Hamilton brought this suit seeking declaratory and injunctive relief, contending that this application of Maryland's law violates his Second Amendment rights. The District Court denied Hamilton's motion for summary judgment, and granted Defendant-Appellee Maryland officials' motion to dismiss. Hamilton timely appeals.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| James Hamilton was convicted in 2006, in Virginia, of non-violent offenses that are not inherently related to violence. A Virginia court later restored Hamilton's firearm rights, and Virginia's Governor subsequently restored all of Hamilton's other civil rights. Accordingly, Hamilton is not barred from possessing firearms under Virginia and federal law. Hamilton is a peaceful, law-abiding, responsible citizen, and is licensed to provide armed security by the Virginia Department of Criminal Justice Services. But Maryland, where Hamilton resides, bars Hamilton from possessing firearms on account of his Virginia conviction.<br><br>The issue presented is:<br><br>Is there any constitutionally-adequate reason under the Second Amendment to support application of Maryland's firearm prohibition against Hamilton, on account of Hamilton's non-violent and non-violence-related Virginia convictions for which his rights have been fully restored? |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: William L. Palozzi<br><br>Attorney: Mark Bowen<br>Address: 1201 Reisterstown Road<br>         Baltimore, MD 21208<br><br><br>E-mail: mark.bowen@maryland.gov<br><br>Phone: 410.653.4226 | Adverse Party: Brian E. Frosh<br><br>Attorney: Mark Bowen<br>Address: 1201 Reisterstown Road<br>         Baltimore, MD 21208<br><br><br>E-mail: mark.bowen@maryland.gov<br><br>Phone: 410.653.4226 |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: James Hamilton<br><br>Attorney: Alan Gura<br>Address: Gura & Possessky, PLLC<br>916 Prince Street, Suite 107<br>Alexandria, VA 22314<br><br>E-mail: alan@gurapossessky.com<br><br>Phone: 703.835.9085 | Name: James Hamilton<br><br>Attorney: Cary Hansel<br>Address: Hansel Law, PC<br>2514 N. Charles Street<br>Baltimore, MD 21218<br><br>E-mail: cary@hansellaw.com<br><br>Phone: 301.461.1040 |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| | |
|---|---|
| **Signature:** /s/ Alan Gura | **Date:** March 4, 2016 |
| **Counsel for:** Plaintiff-Appellant James Hamilton ||

**Certificate of Service**: I certify that on March 4, 2016 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| | |
| Signature: /s/ Alan Gura | Date: March 4, 2016 |