IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| JAMES HAMILTON, | ) | No. 16-1222 |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM PALLOZZI, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE
OF GUN OWNERS OF AMERICA, INC., ET AL.

PRELIMINARY STATEMENT

Plaintiff-Appellant James Hamilton appreciates that any case touching upon the Second Amendment is liable to excite a variety of people with strongly-held views. But Rule 29 provides neither a soapbox nor an unqualified fundraising tool for activist groups. The Court accepts amicus briefs from federal and state officials as a matter of comity. All others must show that their proposed brief is "desirable," and more concretely, "why the matters asserted are *relevant* to the disposition of the case." Fed. R. App. P. 29(b)(2) (emphasis added).

1

Hamilton withheld consent from the filing of the brief proposed by amici Gun Owners, et al., because it did not appear to have much to do with his case. Unfortunately, the brief that the putative amici proffer has not meaningfully exceeded expectations.[1] The brief being irrelevant to any issue in the case, it is unhelpful to the Court, and thus, fails Rule 29(b)'s requirements.

Gun Owners limit their brief to a claim never raised here or below—and which, pursuant to over a century of Supreme Court precedent (none of which they mention), *cannot* be raised in a federal court. To be sure, Hamilton agrees with putative amici's point that his Virginia judgment would be entitled to full faith and credit in an appropriate

---

[1] The proposed brief is already an improvement over that to which Hamilton refused consent. Gun Owners had proposed to Hamilton a brief covering not one, but three irrelevant issues: in addition to the Full Faith and Credit argument, an argument that the case is somehow controlled by 18 U.S.C. § 927, and an exploration of the fact that Maryland denies Hamilton a privilege or immunity of citizenship. See Exhibit A. The Section 927 argument, respectfully, made no sense. That provision merely holds that the federal Gun Control Act does not pre-empt the field of state firearm regulation. And nobody here questions that Maryland is bound by the Second Amendment, even if the Supreme Court cannot agree as to how exactly that works. See *McDonald* v. *City of Chicago*, 561 U.S. 742 (2010) (plurality opinion for Due Process Clause incorporation; one justice concurrence in judgment for Privileges or Immunities application).

2

forum (although even this would be subject to litigation), but the Full Faith and Credit Clause, U.S. Const. Art. IV, § 1, does not create federal jurisdiction, nor does it appear to supply rights enforceable under either an implied cause of action or 42 U.S.C. § 1983.

Gun Owners thus miss the point. The question is not whether Hamilton's Virginia judgment is entitled to full faith and credit, but rather, assuming that it is so entitled, is there anything that a federal court can do to make state officials obey a foreign state's judgment? Hamilton's counsel have researched this issue and determined that the answer to this question is most likely "no." Thus Hamilton did not bring a claim under the Full Faith and Credit Clause. That ended the matter. The issue is not before the Court.

## STATEMENT OF FACTS

Briefly summarized, the salient facts are as follows:

James Hamilton committed non-violent felonies in Virginia, for which he lost various civil rights, including the right to possess firearms. All rights lost were restored to him under Virginia law (and, consequently, Hamilton's federal firearms rights are restored as well).

But Hamilton lives in Maryland, and Maryland bars Hamilton from possessing firearms on account of his Virginia convictions.

Hamilton brought suit under 42 U.S.C. § 1983 against Maryland law enforcement officials, arguing that under this Court's precedent, application of Maryland's firearms prohibition against him, on account of the Virginia convictions, violates his Second Amendment rights. The District Court dismissed the complaint, and Hamilton appeals.

## Argument

Gun Owners cite no authority for their brazen claim that their Full Faith and Credit Clause argument is a "threshold" issue that displaces Hamilton's entire case.[2] And by positing their argument as one intended to displace Hamilton's appeal, were such a thing possible, Gun Owners admit that their brief is not relevant to any issue on appeal.

---

[2] "Of course, should this Court reject the threshold argument presented in this amicus brief, it would then move on to the argument raised by Plaintiff," Gun Owners' Br. at 5 n.5, is an extraordinary statement that demands annotation. As no cause of action for full faith and credit violations even exists, see discussion *infra*, such a claim can hardly have priority.

Hamilton appreciates that Gun Owners do not use the word "threshold" in the usual sense of barring his relief. But it is most unusual for an amicus to attempt to preclude the argument of the party ostensibly being supported.

4

Of course, the issue of full faith and credit might warrant consideration at the outset of any litigation concerning matters decided by an earlier judgment. As a rule of decision, 28 U.S.C. § 1738 would require that the Virginia judgment have issue-preclusive effect as a matter of full faith and credit. *Dionne* v. *Mayor of Baltimore*, 40 F.3d 677, 682 (4th Cir. 1994).

But this is not what Gun Owners propose. Rather, Gun Owners imagine that Hamilton has a right under the Full Faith and Credit Clause to have "the State of Maryland," Gun Owners' Motion, at 3 ¶ 4, obey the Virginia court's firearms rights restoration, and that Defendant *state executive officials'* failure to do so is actionable in a federal court. That argument is absent from Hamilton's complaint, as well as from Hamilton's briefing, so it is irrelevant here. There is no point spending time on it. And the claim is absent from Hamilton's pleadings because (among other reasons) it is precluded by a long line of precedent. Quite simply, "[t]he Supreme Court has held that the Full Faith and Credit Clause does not confer subject matter jurisdiction on the district courts." *Stewart* v. *Lastaiti*, 409 Fed. Appx. 235, 236 (11th Cir. 2010) (per curiam) (citation omitted).

All of Gun Owners' cited precedent involving the recognition of firearms restoration judgments comes from *state courts* in which a foreign state judgment was said to have some preclusive effect. That does not mean that the Full Faith and Credit Clause creates positive, actionable rights in federal courts—a position the Supreme Court has long rejected.

"[T]he Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action." *Thompson* v. *Thompson*, 484 U.S. 174, 182 (1988) (citing *Minnesota* v. *Northern Securities Co.*, 194 U.S. 48, 72 (1904)); 13B C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3563, p. 50 (1984).

> Rather, the Clause "only prescribes a rule by which courts, Federal and state, are to be guided when a question arises in the progress of a pending suit as to the faith and credit to be given by the court to the . . . judicial proceedings of a State other than that in which the court is sitting."

*Thompson*, 484 U.S. at 182-83 (quoting *Northern Securities*, 194 U.S. at 72). "[T]he Clause and its implementing statute 'establish a rule of evidence, rather than of jurisdiction.'" *Baker* v. *GMC*, 522 U.S. 222, 242

(1998) (Scalia, J., concurring in the judgment) (quoting *Wisconsin* v. *Pelican Ins. Co.*, 127 U.S. 265, 291-92 (1888)).

> Simply put, the [Full Faith and Credit] clause and its enabling statute created a rule of decision to govern the preclusive effect of final, binding adjudications from one state court or tribunal when litigation is pursued in another state or federal court. No more, no less. Because the clause guides rulings in courts, the "right" it confers on a litigant is to have a sister state judgment recognized in courts of the subsequent forum state.

*Adar* v. *Smith*, 639 F.3d 146, 151 (5th Cir. 2011) (en banc). "Section 1983 has no place in the clause's orchestration of inter-court comity—state courts may err, but their rulings are not subject to declaratory or injunctive relief in federal courts." *Id.* at 151-52; *Chicago & A. R. Co.* v. *Wiggins Ferry Co.*, 108 U.S. 18, 22 (1883).

And just as the Clause—an evidentiary rule employed "when a question arises in the progress of a pending suit," *Thompson*, 484 U.S. at 182-83—does not create federal jurisdiction or an implied cause of action, neither can it create rights enforceable against state actors under Section 1983. "While the Court has at times referred to the clause in terms of individual 'rights,' it consistently identifies the violators of that right as state *courts*." *Adar*, 639 F.3d at 154 (citations omitted).

7

To be sure, one court has recognized a Section 1983 claim for a full faith and credit violation, *Finstuen* v. *Crutcher*, 496 F.3d 1139 (10th Cir. 2007), but the Fifth and Eleventh Circuits' reading of the Clause, and of controlling Supreme Court precedent, appears correct. Nor would recognition of such a novel claim for relief be the last word, as Defendants would have available to them certain plausible if ultimately erroneous arguments (which Hamilton will not volunteer) to the effect that full faith and credit does not operate as Gun Owners believe.

Hamilton wishes it were otherwise, and would have sued Defendants under a full faith and credit-rights theory if it made sense to litigate it within the context of his case. But respectfully, in counsel's considered judgment, Hamilton prevails because he has an uncomplicated case under well-established precedent. Less is often more, and counsel are proud of the fact that Hamilton's opening brief clocks in at barely over half the word limit. The force of Hamilton's case would only be undermined by overly-ambitious theories, especially those apparently precluded by Supreme Court precedent.

CONCLUSION

The parties, not amici, are responsible for determining which claims for relief they wish to bring. By all means, let the Gun Owners of America prosecute their theories in their own cases. But this type of brief, by definition irrelevant as it purports to *supplant* the case that the parties have brought before the Court, is unhelpful to anyone and outside the relevance bounds of Rule 29.

Putative amici's motion should be denied.

Dated: May 2, 2016                               Respectfully submitted,

                                                 /s/ Alan Gura
Cary Hansel                                      Alan Gura
Hansel Law, P.C.                                 Gura & Possessky, PLLC
2514 N. Charles Street                           916 Prince Street, Suite 107
Baltimore, MD 21218                              Alexandria, VA 22314
301.461.1040/Fax 443.451.8606                    703.835.9085/Fax 703.997.7665
cary@hansellaw.com                               alan@gurapossessky.com

                                                 Attorneys for Appellant

# CERTIFICATE OF SERVICE

I certify that on May 2, 2016 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

| /s/ Alan Gura | May 2, 2016 |
|---|---|
| Signature | Date |